134 F.3d 382
 98 CJ C.A.R. 636
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Conrad J. BRAUN, Plaintiff-Appellant,
v.
G. Thomas VAN BEBBER, District Judge; Richard D. Rogers,
District Judge; Ralph L. Deloach; Carrie Lee; Dennis L.
Smarker; Carole Dewiess; Department of Justice; United
States of America, Defendants-Appellees.
 No. 97-3179.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1998.
 
 Before PORFILIO, KELLY, and HENRY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This is an appeal from the dismissal of a purported civil rights complaint. The action grows from a separate suit filed in the District of Kansas by Conrad J. Braun in which he attempted to file an amended complaint. Thereafter, in a communication with the court, Braun wrote,
 
 
 4
 According to Rule 4(a) and 4(b) the first amended complaint should be filed, signed by the Clerk, be under the seal of the court and either served or returned to me. The docketing statement reflects that none of this has been done. Nor has the first amended complaint been filed according to Rule 5(e).
 
 
 5
 Apparently after several similar demands, all asserting his "right" under Rule 4(a) and (b) to filing, sealing, and returning his amended complaint, Braun filed this action against the Judges and court personnel with whom he dealt as well as the United States and the Department of Justice seeking damages for interfering with his right to judicial access. The complaint was dismissed as frivolous.
 
 
 6
 We note, first, the very premise upon which Braun has proceeded is grossly mistaken. His protestations to the contrary, Rule 4(a) and (b) pertains to the issuance of a summons, not the complaint. In short, the demands which he persistently asserted were misdirected and impossible to comply with. We agree with the district court his action was frivolous from the start and AFFIRM the judgment for the reasons stated in the district the court's order of June 18, 1997.
 
 
 7
 We find the appeal FRIVOLOUS under 28 U.S.C. § 1915(g) and determine this is a "prior occasion" within the meaning of that section. Appellant shall pay all outstanding appellate fees in this court upon completion of the payment of all fees in the district court.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3